UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY HEARN | ) |
| | ) Civil Action Number: |
| Plaintiff | ) |
| | ) FLSA Action |
| v. | ) |
| | ) Jury Trial Demanded |
| MASTCLIMBERS, LLC, a Georgia | ) |
| Limited Liability Corporation, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW Plaintiff Larry Hearn (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant Mastclimbers, LLC (hereinafter "Mastclimbers") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

**INTRODUCTION**

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at §216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff, of his lawful overtime wages.

2. Plaintiff was employed by Defendant as a service technician from Defendant's operation at 397 Chapman Road, Lithonia, DeKalb County, Georgia 30058 (hereinafter "Defendant's Grayson Location").

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek in part as a result of Defendant illegally classifying Plaintiff as an independent contractor for part of his employment tenure by Defendant.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Canton, Georgia (within this District). Plaintiff was employed by Defendant at Defendant's Grayson from on or about August, 2007 through on or about June 17, 2011 primarily performing service technician related duties.

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendant.

9. Defendant is a limited liability corporation formed under the laws of the State of Georgia and owns and operates a business, for upon information and belief amongst other things, the sale, rental, and servicing of construction work platforms, based from Defendant's Grayson Location.

10. Defendant conducts business within this State and District.

11. Defendant maintained either actual or constructive control, oversight and direction of Defendant's Grayson Location, including the employment and pay and other practices of that operation.

12. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Robert Reese, 1911 Grayson Highway Suite 8-303 Grayson, Georgia 30017.

13. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

14. At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

15. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

20. Defendant hired Plaintiff to provide service technician related services to Defendant's clients.

21. Defendant set the schedule for which Plaintiff worked.

22. Defendant determined the time Plaintiff was required to report to work.

23. Defendant determined the time Plaintiff was permitted to leave work at the end of the work day when Plaintiff was at Defendant's Grayson Location.

24. Defendant determined the location that Plaintiff would work each day.

25. Defendant required Plaintiff to appear at Defendant's Grayson Location at the start of each day on most occasions unless Defendant sent Plaintiff sent out of town to perform services on behalf of Defendant.

26. Defendant paid for all supplies used by Plaintiff at the client's work site.

27. Plaintiff performed his job duties based upon what Defendant told him to do.

28. Defendant required Plaintiff to accept all work assignments it made to him.

29. Defendant did not allow Plaintiff to reject any work assignments made to him by Defendant.

30. Plaintiff was paid $20 per hour for all hours worked, including hours over forty in a workweek until sometime in 2010 at which time Defendant began paying Plaintiff time and one half his usual rate of pay for all hours over forty (40 worked in a work week.

31. At all times relevant to this action, Defendant regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

32. At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

33. Plaintiff typically worked at least 20-30 hours of overtime each work week up until sometime in 2010.

34. Plaintiff did not sign an independent contractor agreement with Defendant.

35. Plaintiff was told by Defendant that all hours would be paid as straight time up until sometime in 2010

36. A few times Plaintiff asked his supervisor about not getting paid time and one half for overtime hours to no avail.

37. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

38. At times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times his regular rate at which it was by law required.

39. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

40. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid

under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

41. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

42. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

44. Plaintiff demands a jury trial.

## COUNT I

45. Plaintiff repeats and incorporates by reference paragraphs 1-44 herein.

46. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with the FLSA.

47. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff until possibly sometime in 2010.

48. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of his overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, and liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action;

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled; and

E. That Plaintiff be awarded judgment in this matter in his favor.

Respectfully submitted this 14th day of December, 2011.

> MARTIN & MARTIN, LLP
> By: /s/ Thomas F. Martin
> Thomas F. Martin
> tfmartin@martinandmartinlaw.com

Georgia Bar No. 482595<br>
Kimberly N. Martin<br>
kmartin@martinandmartinlaw.com<br>
Georgia Bar No. 473410<br>
MARTIN & MARTIN, LLP<br>
Post Office Box 1070<br>
Tucker, Georgia 30085-1070<br>
(770)344-7267/ (770) 837-2678 Fax