## SETTLEMENT AND FULL AND
## FINAL RELEASE OF ALL CLAIMS

This SETTLEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS ("Release") is made by and between **LARRY HEARN** (hereinafter "EMPLOYEE," a term which includes EMPLOYEE, and all heirs, executor(s), and assigns, and **MASTCLIMBERS, LLC** (hereinafter "COMPANY," a term which for the purpose of this Agreement includes COMPANY, its officers, directors, shareholders, employees, agents, attorneys, and contractors, and the successors and assigns of each) (collectively, the "Parties").

### WITNESSETH:

**WHEREAS**, on or about December 14, 2011, EMPLOYEE instituted a civil action against COMPANY in the United States District Court for the Northern District of Georgia, Atlanta Division, styled Larry Hearn v. Mastclimbers, LLC, a Georgia Limited Liability Corporation, which was assigned the Civil Action No. 1:11-cv-04352-CAP ("the Civil Action");

**WHEREAS**, the Civil Action contains claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and seeks, inter alia, unpaid wages, liquidated damages, attorneys' fees, costs, interest and other relief;

**WHEREAS**, COMPANY has denied and continues to deny any liability to EMPLOYEE on the basis of any claim, asserted or unasserted, in the Civil Action;

**WHEREAS**, COMPANY asserts that there is no factual or legal basis for the allegations in the Civil Action;

**WHEREAS**, although the Parties dispute COMPANY'S liability on EMPLOYEE's claims, EMPLOYEE warrants that the total amount of compensation (including unpaid wages) to which he claims is owed to him by COMPANY is no greater than $12,960.00;

**WHEREAS**, EMPLOYEE warrants and represents that he has not assigned any of his claims against COMPANY or any other person or entity to be released pursuant to this Release and that no attorney other than Thomas F. Martin and Kimberly N. Martin of MARTIN & MARTIN, LLP has a claim for attorneys fees and/or costs arising from EMPLOYEE'S claims released pursuant to this Release;

**WHEREAS**, this Release constitutes a good faith settlement of questionable and disputed claims that are the subject of the Civil Action; and

**WHEREAS**, this Release shall not be deemed in any manner an admission, finding, or indication for any purposes whatsoever that COMPANY or any of its officers, directors, members, shareholders, employees, agents, attorneys, contractors, and/or the successors and assigns of each, acted contrary to the law or violated the rights of EMPLOYEE or any other person at any time;

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties hereby agree as follows:

## CONSIDERATION AND DISMISSAL OF CLAIMS

1.

As part of this Release, the Parties agree to take the following actions to fully comply with same:

(a) EMPLOYEE will deliver this Release fully executed to COMPANY'S attorneys, John C. Stivarius, Jr. and John D. Bennett of Elarbee, Thompson, Sapp & Wilson, LLP at 800 International Tower, 229 Peachtree Street NE, Atlanta, Georgia 30303;

(b) Within three (3) days of receipt of the fully executed Release, COMPANY shall file on behalf of all Parties the Joint Motion for Order Approving Settlement, attached hereto as Exhibit A;

(c) Within seven (7) days after the Court's approval of this Release, COMPANY shall furnish to EMPLOYEE and his attorneys the total sum of TWENTY TWO THOUSAND AND NO/100 DOLLARS ($22,000.00), less applicable deductions and withholdings, payable as follows by delivery to the attention of EMPLOYEE'S attorneys, Thomas F. Martin and Kimberly N. Martin of MARTIN & MARTIN, LLP, Post Office Box 1070, Tucker, Georgia 30085-1070, as follows:

(i) SIX THOUSAND FOUR HUNDRED EIGHTY AND NO/100 DOLLARS ($6,480.00), less applicable withholdings and deductions, payable to EMPLOYEE as compensation for his alleged unpaid wages; and

2

(ii) SIX THOUSAND FOUR HUNDRED EIGHTY AND NO/100 DOLLARS ($6,480.00), with no withholdings or deductions, payable to EMPLOYEE as compensation for his alleged liquidated damages; and

(iii) NINE THOUSAND FORTY AND NO/100 DOLLARS ($9,040.00), payable to MARTIN & MARTIN, LLP as compensation for all costs and attorneys' fees incurred by all attorneys for EMPLOYEE.

The settlement amounts paid to EMPLOYEE for his alleged unpaid wages in Paragraph 1(c)(i) shall be paid by check payable to EMPLOYEE in the amount stated above, less all applicable taxes and other required or authorized wage withholdings and employer tax payments and reported on IRS form W-2 and its Georgia tax equivalent ("W-2 payments"). The settlement amount paid to EMPLOYEE for his alleged liquidated damages in Paragraph 1(c)(ii) shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate check payable to EMPLOYEE in the amount stated above and reported in box # 3 on IRS Form 1099-MISC and its Georgia tax equivalent. EMPLOYEE represents and warrants that the payments set forth in Paragraph 1(c)(i) and (ii) constitute payment of one hundred percent (100%) of EMPLOYEE'S claim for alleged unpaid wages and unpaid liquidated damages under the FLSA brought pursuant to the Civil Action net of any attorney's fees and costs. The settlement amount paid to EMPLOYEE'S counsel of record for fees and costs under Paragraph 1(c)(iii) constitutes payment of EMPLOYEE'S attorney's fees and costs on all claims under the FLSA brought pursuant to the Civil Action and are therefore within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code, which shall be 1099 Payments paid in separate check payable to MARTIN & MARTIN, LLP in the amount stated above and reported in box # 14 on IRS Form 1099-MISC. COMPANY shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Prior to any payments set forth above, EMPLOYEE'S counsel shall provide COMPANY'S counsel with an IRS form W-9 reflecting EMPLOYEE'S counsel's tax identification number.

2.

A material consideration for this Release is EMPLOYEE'S agreement that he will not, following the approval of the Release by the Court, go on the business premises of any of the sites currently owned and/or operated on or by COMPANY.

3

3.

EMPLOYEE acknowledge that nothing in this Release is intended, written to be used, or can be used, for the purpose of avoiding any court-imposed legal obligation, tax liability, or penalties. Further, EMPLOYEE acknowledges that no representation has been made to him regarding any court-imposed legal obligation, or tax status, as set forth by local, state or federal laws, of the monetary consideration outlined in Paragraph 1 of this Release, and EMPLOYEE represents that he is not relying in any way upon COMPANY or their attorneys in this regard. EMPLOYEE will comply with any court-imposed legal obligations triggered by, and pay all federal, state, and local taxes that may become due on, the payments referenced in Paragraph 1 of this Release as to himself, except for that portion of the employment taxes required by law to be paid by COMPANY on those payments designated in Paragraph 1 as unpaid wages. To the extent that the payments made pursuant to this Release are designated as other than unpaid wages, EMPLOYEE will separately and individually indemnify and hold COMPANY harmless from liability for EMPLOYEE'S failure to comply with a court-imposed legal obligation, and/or to pay federal, state, or local taxes, in the event that the Internal Revenue Service, the Georgia Department of Revenue, or other taxing or governmental authority seeks such sums from COMPANY or any of its officers, directors, members, shareholders, employees, agents, attorneys, contractors, and/or the successors and assigns of each. EMPLOYEE will not indemnify or hold harmless COMPANY for any liability associated with COMPANY'S portion of any such taxes and withholdings.

## RELEASE OF ALL CLAIMS

4.

EMPLOYEE, for himself, his attorneys, agents, assigns, heirs, executors, administrators, and successors, hereby fully, finally, and forever releases and discharges COMPANY and all of its present or former attorneys, officers, elected and/or appointed officials, employees, assigns, principals, insurer and agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses, and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against COMPANY and/or any of its present or former attorneys, officers, elected and/or appointed officials, employees, assigns, principals, insurer and agents pertaining to any transaction, dealing, conduct, act, or omission by and between the Parties, or any other matters or things occurring or existing at any time prior to the execution of the Release, related to EMPLOYEE'S employment and/or termination of employment with COMPANY including, but not

limited to, any claims that were alleged or could have been alleged in the Civil Action. EMPLOYEE represents that he is unaware of any other claim, demand, action, cause of action, or suit for damages, losses, costs, expenses, or attorneys' fees, which they have or may have against COMPANY and/or any of its present or former attorneys, officers, elected and/or appointed officials, employees, assigns, principals, insurer and agents at this time, whether or not related to his employment, other than the claims in the Civil Action. The claims waived and released by EMPLOYEE include all alleged claims or claims that could have been made by EMPLOYEE in the Civil Action under the Fair Labor Standards Act, to the extent such a Release of claims is allowable, the Family and Medical Leave Act, the Americans with Disabilities Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, O.C.G.A. § 34-7-2 and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia or any other State; any and all claims for breach of contract; any and all possible claims under common law; and any and all claims for back pay, liquidated damages, fringe benefits, interest, front pay, compensatory and/or punitive damages, costs, and attorneys' fees.

EMPLOYEE separately and individually acknowledges by execution of this Release that he has been fully compensated for all claims for lost income, wages, benefits, liquidated damages, and other remuneration allegedly owing from the COMPANY and any of its present or former attorneys, officers, elected and/or appointed officials, employees, assigns, principals, insurer and agents which gave rise to the litigation.

5.

EMPLOYEE acknowledges that the Court's approval of this Release and grant of the Order Approving Settlement shall result in a dismissal of the Civil Action with prejudice, and he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, including the filing of an administrative complaint with any local, state, or federal agency.

**CONFIDENTIALITY**

6.

The Parties agree (a) to use their best efforts to prevent disclosure of the terms of the Release to third parties, except as specifically allowed in subsection (e) of this Paragraph; (b) not to initiate discussions, correspondence or other communications

regarding the terms of the Release with third parties except as allowed in subsection (e); (c) to avoid making direct or indirect references, whether by their actions or words, to the terms of the Release when communicating with third parties except as specifically allowed in subsection (e); (d) to limit any unavoidable remarks relating directly or indirectly to the terms of the Release to a statement to the effect that "the case was resolved to the satisfaction of the parties"; and (e) not to show the Release to or discuss its contents with any person other than their attorneys, their current spouses and/or parents, their accountants or financial advisors, the Internal Revenue Service, the Georgia Department of Revenue, the United States Equal Employment Opportunity Commission, the United States Bankruptcy Court for the Northern District of Georgia, or such other persons as may otherwise be required by law. EMPLOYEE agrees that if he shows this Release to, or discusses its contents with, anyone referenced in subsection (e), he will advise such persons or entity of this confidentiality provision and instruct them to keep the information confidential, except as to the government officials or other required legal disclosures. EMPLOYEE hereby represents that, up to and including the time he signs this Release, he has not made any oral or written statements or revealed any information to any person, company, agency, or other entity, other than his attorneys, spouse and/or parents regarding the terms of this Release or any draft thereof, or regarding any of the discussions between the Parties or their counsel regarding the potential terms under which this Civil Action might be resolved. EMPLOYEE understands and acknowledges that the foregoing is a material term of this Release. It shall not be a violation of this Release for the Parties to reveal information about this Release if required to do so by law, subpoena, or Court Order or to reveal information about this Release to Court officials as necessary to obtain Court approval of the Release and dismissal of the Civil Action.

Further, EMPLOYEE agrees to return to the offices of John C. Stivarius, Jr. and John D. Bennett, as noted above, any and all documents or other tangible things, of the COMPANY, including the originals, within ten (10) business days of the Court's Approval of this Release.

## **INDEMNIFICATION**

7.

EMPLOYEE represents and warrants that he alone is entitled to assert any claim against COMPANY of any kind or character arising out of, or as a consequence of, his allegations in the Civil Action including, but not limited to, any claim relating to or arising out of his employment and/or termination of employment with COMPANY. EMPLOYEE further represents and warrants that he is fully authorized to enter into

the Release and shall individually indemnify and hold COMPANY and all of its present or former attorneys, officers, elected and/or appointed officials, employees, assigns, principals, insurer and agents harmless from any claim by any other person who is determined to have the right or authority to assert any claim against COMPANY on EMPLOYEE'S behalf or any claim against COMPANY and all of its present or former attorneys, officers, elected and/or appointed officials, employees, assigns, principals, insurer and agents of any kind or character related to any claim dismissed via this Release or EMPLOYEE'S allegations in the Civil Action including, but not limited to, any claim relating to their employment and/or termination of employment with COMPANY, and further shall indemnify and hold COMPANY harmless from any costs, expenses, or damages sustained by reason of any such claim.

## ENTIRE RELEASE

8.

EMPLOYEE affirms that the only consideration for this Release is the mutual promises and covenants stated herein and that no other promises or Releases of any kind have caused him to execute the Release; that he fully understands the meaning and intent of the Release, including but not limited to its final and binding effect; that he has been advised to consult with legal counsel prior to executing the Release; that he has had a reasonable period of time within which to consider the Release; and that he has had the benefit of legal counsel before executing the Release.

## REMEDIES FOR BREACH

9.

In the event of a breach of any of the terms of the Release by EMPLOYEE and/or his heirs, executor(s), attorney(s), and assigns, COMPANY shall be entitled to all remedies or damages at law or equity, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder as to the breaching party. In the event of a breach of the Confidentiality clause by EMPLOYEE and/or his heirs, executor(s), attorney(s), and assigns, COMPANY shall be entitled to a return of fifty percent (50%) of the amounts paid to the EMPLOYEE and/or his attorneys pursuant to this Release, and to recover all costs and expenses, including reasonable attorneys' fees incurred in enforcing such rights.

## CONSTRUCTION

10.

This Release contains the entire Release and understanding between the Parties relating to the subject matter contained herein and supersedes any prior oral or written Releases pertaining to said subject matter and may not be altered, amended, or modified in any respect or particular whatsoever except by a writing duly executed by an authorized representative of each of the Parties.

## EXECUTION AND EFFECTIVE DATE

11.

This Release may be executed in several counterparts and, as executed, shall constitute one Release binding on all of the Parties, notwithstanding that all Parties are not signatories to the original or the same counterparts. This Release shall become effective when all of the Parties have executed it and the Settlement Amount has been tendered by COMPANY to EMPLOYEE'S counsel, as described in Paragraph 1.

EMPLOYEE FURTHER STATES THAT HE HAS CAREFULLY READ THE WITHIN AND FOREGOING "SETTLEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS," KNOWS AND UNDERSTANDS THE CONTENTS THEREOF, AND EXECUTES THE SAME AS HIS OWN FREE ACT AND DEED. EMPLOYEE represents that he has been advised to seek the advice of an attorney and has in fact been represented by an attorney in negotiating this Release and that he has obtained all advice and counsel he needs to understand each of the terms and conditions of this Release and the final and binding effect of this Release. EMPLOYEE further affirms that his attorneys have fully answered any questions he may have had leading up to the execution of the Release, and that he understands the meaning of the Release and its final and binding effect. EMPLOYEE further states and warrants that his attorneys have clearly and carefully explained the nature of EMPLOYEE'S rights against COMPANY and all of its present or former attorneys, officers, elected and/or appointed officials, employees, assigns, principals, insurer and agents under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and have explained that all of those rights are waived finally and forever under the terms of the Release. EMPLOYEE clearly understands that, by signing the Release, he is finally and forever giving up all of his rights against COMPANY, in connection with the

claims asserted in the Civil Action, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the claims released by this Release. EMPLOYEE further affirms that he has had a reasonable amount of time within which to consider this Release.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hands and seal this _15th_ day of March, 2012.

_____
Larry Hearn

Mastclimbers, LLC
_____
By Mike Pitt, Owner/Operator

_____
By Bobby Reese, Owner/Operator